IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
FLINT OFFICE

| | |
|---|---|
| MARYANN KELLOGG-DEWULF, | ) |
| | ) Case No. 4:22-cv-12109 |
| Plaintiff, | ) |
| | ) JURY TRIAL DEMANDED |
| v. | ) |
| | ) |
| JP MORGAN CHASE BANK, N.A., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, MARYANN KELLOGG-DEWULF, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, JP MORGAN CHASE BANK, N.A., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for all damages allowable under the Electronic Funds Transfer Act, 15 U.S.C. §1693, et seq. (hereinafter, "EFTA").

### II. PARTIES

2. MARYANN KELLOGG-DEWULF, (hereinafter, "Plaintiff" and/or "Plaintiff") is an individual who was at all relevant times residing in the City of Howell, County of Livingston, State of Michigan.

3. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

4. Plaintiff had a bank account in her name with Defendant (hereinafter, "Chase Account").

5. At all relevant times, Plaintiff's Chase Account was established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

6. At all relevant times, Plaintiff's Chase Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

7. JP MORGAN CHASE BANK, N.A., (hereinafter, "Defendant") is a business entity that conducts business within the State of Michigan. Defendant is incorporated in the State of Delaware.

8. At all relevant times, Defendant was a bank that held Plaintiff's Chase Account.

9. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

10. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

11. At all relevant times, an unknown individual (hereinafter, "Fraudster") received funds from Plaintiff's Chase Account, which were stolen by Fraudster via an electronic terminal, telephonic instruction or computer or magnetic tape from Plaintiff's Chase Account.

12. At all relevant times, the transfer of money requested by Fraudster constitutes an "electronic fund transfer" as that term is defined by 15 U.S.C. §1693a(7).

### IV.   ALLEGATIONS

13. On or about April 15, 2022, $4,995 was debited from Plaintiff's Chase Account.

14. On or about April 15, 2022, $4,995 was debited from Plaintiff's Chase Account by Fraudster.

15. On or about April 15, 2022, Fraudster accessed Plaintiff's Zelle Application remotely to steal the $4,995 from Plaintiff's Chase account.

16. Defendant is on notice of the prevalence of criminals using a variety of techniques to attempt to access its customer's personal information and accounts.

17. Defendant is on notice of the current prevalence of criminals using the Zelle Application to defraud victims.

18. Prior to April 15, 2022, Plaintiff was not aware of the circumstances relating to the debit of funds from Plaintiff's Chase Account on April 15, 2022, by Fraudster.

19. Plaintiff did not provide any third party with consent to debit funds from her Chase Account from on or about April 15, 2022.

20. Plaintiff did not provide Defendant with consent for any third party to debit funds from Plaintiff's Chase Account from on or about April 15, 2022.

21. Prior to on or about April 15, 2022, Plaintiff was not aware that $4,995 would be debited from Plaintiff's Chase Account, as delineated above.

22. In April 2022, Defendant provided to Plaintiff a monthly statement relative to Plaintiff's Chase Account.

23. The April 2022 statement Defendant provided to Plaintiff, contained information regarding the electronic transfer of funds from Plaintiff's Chase Account to Fraudster from on or about April 15, 2022.

24. On multiple occasions, within sixty (60) days of Plaintiff's receipt of the aforesaid monthly statement, Plaintiff provided Defendant with written notice that she disputed the debit of funds by Fraudster relative to Plaintiff's Chase Account from on or about April 15, 2022.

25. On multiple occasions, within sixty (60) days of Plaintiff's receipt of the aforesaid monthly statement, Plaintiff provided Defendant with information to allow Defendant to identity Plaintiff's Chase Account, such as:

    a. Plaintiff's Chase Account number;

    b. Plaintiff's personal identifying information;

    c. The name under which Plaintiff's Chase Account was registered;

    d. The date of the transaction which Plaintiff disputed relative to Plaintiff's Chase Account;

    e. The amount of the transaction which Plaintiff disputed relative to Plaintiff's Chase Account; and,

    f. The transaction reference number relative to the transaction Plaintiff disputed with respect to Plaintiff's Chase Account.

26. On multiple occasions, within sixty (60) days of Plaintiff's receipt of the aforesaid monthly statement, Plaintiff provided Defendant with written notice that an error was contained on the aforesaid monthly account relative to the debit of funds by Fraudster relative to Plaintiff's Chase Account on or about April 15, 2022.

27. On multiple occasions, within sixty (60) days of Plaintiff's receipt of the aforesaid monthly statement, Plaintiff provided Defendant with written notice of the unauthorized debit of funds by Fraudster relative to Plaintiff's Chase Account on or about April 15, 2022, and that the transfer of funds was an unauthorized electronic transfer of funds from Plaintiff's Chase Account to Fraudster.

28. On multiple occasions, within sixty (60) days of Plaintiff's receipt of the aforesaid monthly statement, Plaintiff provided Defendant with written notice that the debit of funds by Fraudster relative to Plaintiff's Chase Account on or about April 15, 2022, was an unauthorized electronic transfer of funds from Plaintiff's Chase Account to Fraudster.

29. On multiple occasions, within sixty (60) days of Plaintiff's receipt of the aforesaid monthly statement, Plaintiff provided Defendant with oral and/or written notice that she required from Defendant additional information or clarification concerning the electronic transfer of funds from Plaintiff's Chase Account to Fraudster occurring on or about April 15, 2022.

30. On multiple occasions, within sixty (60) days of Plaintiff's receipt of the aforesaid monthly statement, Plaintiff informed Defendant that she disputed owing the $4,995 debited from her account by Fraudster on or about April 15, 2022.

31. On multiple occasions, within sixty (60) days of Plaintiff's receipt of the aforesaid monthly statement, Plaintiff provided Defendant with written notice of the circumstances detailing why the debit of funds by Fraudster on or about April 15, 2022, was unauthorized, such as:

- Plaintiff never authorized the debit of funds from Plaintiff's Chase Account;
- Plaintiff never provided Fraudster with permission, consent or authority to debit funds from Plaintiff's Chase Account;
- Plaintiff was never negligent with regards to possession of her personal identification information, debit card or pin number.

32. On or about April 15, 2022, within sixty (60) days of Plaintiff's receipt of the aforesaid monthly statement, Plaintiff sent correspondence to Defendant.

33. Upon information and belief, within sixty (60) days of Plaintiff's receipt of the aforesaid monthly statement, Defendant received Plaintiff's correspondence on or about April 15, 2022.

34. On or about April 15, 2022, Plaintiff called defendant and disputed the fraudulent transfer through Defendant's after-hours fraud hotline.

35. On or about April 16, 2022, Plaintiff went in person to her local JP Morgan Chase Bank where the Assistant Vice President submitted dispute requests for the fraudulent transfer.

36. On or about April 16, 2022, branch Assistant Vice President submitted written dispute to the fraudulent charges on behalf of Plaintiff using Defendant's on forms and requirements.

37. On or about April 16, 2022, Assistant Vice President Tim Shebak expressed his knowledge and concern of the current prevalence of Zelle based fraud.

38. On or about April 15, 2022, Plaintiff received a provisional credit for the stolen amount from Defendant.

39. On or about May 5, 2022, Defendant reversed the April 15, 2022, provisional credit.

40. To date, Plaintiff has received **NO** correspondence from Defendant regarding her disputes.

41. To date, Defendant has not conducted a reasonable investigation relative to the error complained of by Plaintiff.

42. To date, Defendant has not sufficiently reported the result of any putative investigation it conducted relative to the error complained of by Plaintiff.

43. To date, Defendant has not supplied Plaintiff with any documents it relied upon in its investigation.

44. Alternatively, to date, Defendant has not issued Plaintiff a credit for the funds debited by Fraudster from Plaintiff's Chase Account.

45. Presently, Plaintiff remains without the $4,995 debited by Fraudster from Plaintiff's Chase Account.

46. Upon information and belief, Plaintiff is neither legally responsible or obligated to pay the $4,995 stolen by Fraudster from Plaintiff's Chase Account.

47. Defendant's conduct, as delineated above, is in violation of 15 U.S.C. §1693f(d).

48. Defendant's conduct, as delineated above, is in violation of 15 U.S.C. §1693f(e).

49. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer mental anguish and emotional distress and out-of-pocket damages.

## **COUNT I: VIOLATION(S) OF THE EFTA**

50. Plaintiff incorporates by reference all preceding paragraphs as if set out in full herein.

51. The EFTA "protects consumers by providing a 'basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S. C.*, 111 F.3d 1322, 1328 (7th Cir.1997) (quoting 15 U.S.C. ¶ 1693(b)).

52. Under § 1683f financial institutions have a duty to investigate any alleged error noticed by consumers within 10 days of proper notice, so long as that notification:

   i. was received within 60 days after having transmitted to a consumer documentation pursuant to § 1693d(a), (c) or (d);
   ii. sets forth or otherwise enables the financial institution to identify the name and account number of the consumer;
   iii. indicates the consumer's belief that the documentation, or, in the case of notification pursuant to § 1693d(b) of this title, the consumer's account, contains an error and the amount of such error; and
   iv. sets for the reasons for consumer's belief (where applicable) that an error has occurred.

   15 U.S.C. § 1693f(a)

53. If the financial institution such as Defendant determines that an error did occur, it is required promptly correct the error. 15 U.S.C. § 1693f (b).

54. If the financial institution such as Defendant determines that an error did not occur, it shall deliver to the consumer an explanation of its findings . . . and upon request of the consumer

promptly deliver reproductions of all documents which the financial institution relied on to conclude that such error did not occur. 15 U.S.C. § 1693f (d).

55. In lieu of the requirements of subsections (a) & (b), a financial institution such as Defendant may provisionally recredit the consumer's account for the amount alleged to be in error pending the conclusion of the investigation not later than 45-days of the notice of the error. 15 U.S.C. § 1693f (c).

56. Plaintiff is the victim of fraud.

57. Plaintiff followed all the requirements set forth under §1693f(a) for proper notification of the error with her account when reporting to Defendant.

58. Plaintiff submitted her disputes in writing, facilitated by her local Assistant Bank Manager in-person, including her name, account number, belief that the charges to her account were unauthorized and why, the dates of the unauthorized charges.

59. The fraudulent charges appeared on Plaintiff's statement as a Zelle transfer to "Brandon."

60. Plaintiff does not know who accessed her phone and/or her Zelle Application.

61. Defendant has provided no documentation or correspondence to Plaintiff regarding her disputes.

62. Defendant provided no documentation showing that it contacted Zelle regarding the fraudulent charges.

63. Defendant did not perform a reasonable or good faith investigation.

64. To date, Defendant has not provided Plaintiff with any supporting documentation.

65. Plaintiff can only be left to assume that her dispute was denied upon the reversal of her provisional credit.

66. Despite Defendant's knowledge of the prevalence of Zelle based fraud Defendant denied Plaintiff's dispute.

67. Defendant knowingly and willfully concluded that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.

68. The actions of Defendant caused Plaintiff to suffer from frustration, anxiety and emotional distress that manifested itself such that Plaintiff had difficulty falling to sleep and/or staying asleep.

WHEREFORE, Plaintiff, Maryann Kellogg-DeWulf, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages pursuant to 15 U.S.C. §1693m(a)(1);

    b.    Statutory damages pursuant to 15 U.S.C. §1693m(a)(2)(A);

    c.    Statutory treble damages pursuant to 15 U.S.C. 1693f(e)(1)&(2);

    d.    Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. §1693a(3); and,

    e.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**MARYANN KELLOGG-DEWULF**

By:   s/ David M. Marco
       Attorney for Plaintiff

Dated: September 7, 2022

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:        dmarco@smithmarco.com